In the Matter of EDWARD S. FRIEDLAND, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, July 12, 1966.

*John G. Bonomi* (*Richard A. Nachman* with him on the brief), attorney for petitioner.

*Edward S. Friedland,* respondent in person.

*Per Curiam.* This is a motion to confirm the report of the Referee which sustained charges of professional misconduct against the respondent.

Respondent, age 51 years, was admitted to practice in 1936 in the Appellate Division, Second Department. Proceedings were instituted against him January 15, 1965. Subsequently, a

supplemental petition was filed. In all, a total of five charges were preferred. With the exception of one aspect of Charge IV, the charges were sustained by the Referee. The charges which were sustained, and upon which petitioner moved to confirm the Referee's report, may be summarized briefly.

In the first charge it is alleged that respondent represented to his client that he had paid $1,000 to a Judge of the Court of General Sessions in order to procure a reduction in the bail, under which the client had been held after his arrest. It was further charged that respondent represented to that client that for a total payment to respondent of $10,000, $5,000 of which payment would be given to the Judge of the Court of General Sessions, respondent would obtain, or arrange a suspended sentence if restitution were made, or in the alternative, a maximum of one year in jail without restitution being made. The client, in reliance on the afore-mentioned representation by the respondent, gave the respondent $5,000, such money to be held in escrow and returned if satisfactory disposition were not arranged. The respondent failed to return the money to the client on the client's demand when he received a prison sentence in excess of what was to be arranged. It is also alleged that respondent falsely represented before petitioner's Committee on Grievances, that of the money received he returned $3,260 to the client on April 11, 1961.

In Charge No. II it is alleged that respondent, while representing several clients in connection with criminal charges, received funds totaling $9,000 from, or on behalf of his clients, for the specific purpose of making restitution payments. It is further claimed that respondent failed to make restitution payments, commingled the moneys with his own funds, and with the funds of a corporation under his control, did not return the moneys to his clients, converting such funds to his own use.

In Charge No. III, it is alleged that respondent received a check in settlement of his client's claim in a bankruptcy proceeding, and converted the moneys to his own use without authority.

In Charge No. IV, it is alleged that in relation to Charge No. III, the respondent failed to make timely or appropriate response to requests made upon him by the Committee on Grievances for statements concerning his position and made false representations to the committee and otherwise failed to co-operate with the committee.

In Charge No. V, it is alleged that respondent was a participant in a "Shylocking" business which was conducted from respondent's law office.

The evidence amply supported the Referee's findings and the report is confirmed.

The respondent has previously been censured by this court for professional misconduct. (271 App. Div. 707.) It is quite apparent that respondent is unfit to continue in the practice of law. The respondent should be disbarred.

BOTEIN, P. J., BREITEL, RABIN, STEVENS and EAGER, JJ., concur.

Respondent disbarred, effective August 12, 1966.